```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ALABAMA
                            JASPER DIVISION
```

                                                    02 AUG 26 PM 3:58

WENDELL WILLIFORD, as            }
Administrator of the Estate      }
of WESLEY WILLIFORD,             }
deceased,                        }
                                 }     CIVIL ACTION NO.
        Plaintiff,               }
                                 }     02-AR-1493-J
                                 }
v.                               }
                                 }
DAIMLERCHRYSLER CORPORATION,     }
et al.,                          }
                                 }
        Defendants.              }



**MEMORANDUM OPINION**

The above-entitled wrongful death action was removed to this court by the diverse defendant, DaimlerChrysler Corporation ("DaimlerChrysler"), claiming that the non-diverse defendant, Thornton Chrysler-Dodge, Inc. ("Thornton"), was fraudulently joined. Consistent with DaimlerChrysler's contention, Thornton filed a motion to dismiss pursuant to Rule 12(b)(6), F.R.Civ.P. Plaintiff, Wendell Williford, as Administrator of the Estate of Wesley Williford, deceased ("Williford"), has filed a motion to remand.

In recognition of the obvious fact that the facial viability of Williford's claim against Thornton is critical to a removal requiring complete diversity of citizenship, this court on July 17, 2002, gave the parties until August 23, 2002, to conduct limited discovery to explore further plaintiff's theory or theories of



liability against Thornton.

Williford's primary theory is clearly aimed at DaimlerChrysler and alleges a design defect under AMELD. Based on what the parties have furnished it, and on the record at the moment of removal, the court finds that Williford not only has not stated but cannot state a theory upon which he could recover against Thornton, an entity that owed no duty to Williford's decedent. Williford's theories, whether developed or not, and whether or not frustrated by Thornton during the foreshortened discovery period, leaves this court convinced that no claim against Thornton of any kind can be stated. In reaching this conclusion the court has given Williford the benefit of every reasonable doubt about Alabama law. There is, of course, always the possibility that this court could be wrong, but this court does not want to wear out its welcome at the Supreme Court of Alabama by certifying the question to that court, something the Eleventh Circuit did in *Spain v. Brown Williamson*, 230 F. 3d 1300 (11th Cir. 2000), on appeal to the Eleventh Circuit from this court.

Although this court is confident in the correctness of its ruling and will grant Thornton's motion to dismiss for that reason, and will necessarily deny Williford's motion to remand, if **within seven (7) calendar days**, Williford requests a certification of the order of dismissal against Thornton under Rule 54(b), F.R.Civ.P., the court will enter such an order, and will stay the case pending a response from the Eleventh Circuit from Williford's interlocutory

appeal.

If no such request is made by Williford, the parties are reminded that the case is governed by the Federal Rules of Civil Procedure, including local variations thereon. The parties should pay particular attention to Rules 26 and 16, F.R.Civ.P., and should with their initial report notify the court if the case should be evaluated for proceeding upon any of the tracks provided by this court's Alternative Dispute Resolution Plan.

DONE this 26th day of August, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE